```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

BOARD OF COMMISSIONERS OF                   CIVIL ACTION
THE PORT OF NEW ORLEANS, ET
AL


VERSUS                                      NO: 07-6608


LEXINGTON INSURANCE COMPANY,                SECTION: J
ET AL
```

### ORDER AND REASONS

Before the Court is Defendant Maersk, Inc.'s **Motion to Dismiss Pursuant to Rule 12(b)(6), or, Alternatively, Motion for More Definite Statement Pursuant to Rule 12(e) (Rec. Doc. 5).** This motion, which is opposed, was set for hearing on November 14, 2007 on the briefs. Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that Defendant's motion should be denied.

### Background Facts

The Board of Commissioners of the Port of New Orleans ("Dock Board") leased certain premises to Universal Maritime Services Corporation ("Universal Maritime"). The lease agreement provided that Universal Maritime is obligated to repair, replace, or

restore any and all of the premises damaged or destroyed by any cause.

On August 29, 2005, Hurricane Katrina struck New Orleans and caused damage to the premises leased by Universal Maritime. According to the Dock Board, Universal Maritime failed to repair, replace, or restore the leased premises as required under the lease agreement.  Universal Maritime then opted to terminate the lease.

On August 27, 2007, the Dock Board filed a petition for declaratory judgment and damages against Universal Maritime, its parent corporation Maersk, Inc. ("Maersk"), and its insurers, Lexington Insurance Company, Commercial Underwriters Insurance Company, and Factory Mutual Insurance Company.  The Dock Board claims that it is owed for the damage sustained to the leased property by Hurricane Katrina.

## Arguments of the Parties

According to Maersk, Plaintiff's petition "makes only the bare bones, conclusory allegation that Maersk is liable under the 'single business enterprise.'  Such an allegation, by itself, is legally insufficient."  Maersk asserts that Plaintiff has made no factual allegations, and thus it has not been given fair notice of Plaintiff's claims.  Maersk further argues that the single business enterprise theory (if accepted under Louisiana law at all) is based on eighteen separate factual elements, of which, Plaintiff has failed to mention even one.  Thus, Maersk states that because the petition fails to allege the necessary elements

to obtain relief, it should be dismissed.

In the event that Plaintiff's petition is not dismissed, Maersk argues that it is so vague and ambiguous that Maersk cannot craft a response, and Plaintiff should therefore be required to amend the complaint to include the specific bases upon which suit is brought.

In reply, Plaintiff asserts that the statement that Maersk is liable as part of a single business enterprise is itself a factual allegation. Such allegation of fact places Maersk on notice of Plaintiff's claim. Plaintiff maintains that its complaint meets the requirements of Federal Rules of Civil Procedure 8(a) as it is not necessary to allege each and every factual allegation that will support a factual finding that Maersk operated as a single business enterprise.

## Discussion

As an introductory matter, the mention of Maersk in Plaintiff's complaint occurs in paragraph two, which identifies the parties and their relationship, and paragraph twenty-three, which states: "Upon information and belief, Universal Maritime operates as a 'single business enterprise' in that Maersk is the dominant or parent corporation which is liable for the obligations of Universal Martime in accordance with Louisiana law."

**A. Motion to Dismiss**

While Maersk does discuss the general viability of a claim based on the single business enterprise theory, its motion to

dismiss is based on insufficient allegations in the complaint, or failure to satisfy Federal Rules of Civil Procedure 8(a).  Under Rule 8(a), a petition must contain: (1) a statement of the court's jurisdiction, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment.  Maersk claims that the allegations are legally insufficient because the petition fails to allege all the elements necessary to obtain relief.

However, Plaintiff is correct in arguing that it is not required to allege each and every factual allegation that will support a factual finding that Maersk operated as a single business enterprise.  See GE Capital Corp. v. Posey, 415 F.3d 391, 396 (5th Cir. 2005).  The Fifth Circuit has established that the Federal Rules set a low bar for pleading a claim.  Id.  In fact, even if a complaint is conclusory (as Maersk here alleges), that alone will not render a complaint insufficient.  Id. at 397 n.6.

The pleading rules are designed to serve notice on Defendant of the claims brought by Plaintiff.  Plaintiff has met this burden.  Furthermore, based on Maersk's discussion of the single enterprise theory and the general allegations and remedies of the complaint, Defendant is aware of Plaintiff's assertions.  Therefore, this Court finds that Maersk's motion to dismiss should be denied.

**B. Motion for a More Definite Statement**

Defendant maintains that Plaintiff's petition is vague and

ambiguous, and Maersk cannot reasonably be required to answer it in its current state. Thus, Defendant asks this Court to require Plaintiff to give specific indicia of the facts upon which Plaintiff relies in asserting its claim. As discussed above, Plaintiff is not required to plead with such specificity. Instead, the Fifth Circuit has established that later discovery and summary judgment motions are used to "define disputed facts and issues." GE Capital Corp., 415 F.3d at 396. Furthermore, over one-third of Maersk's motion discusses the validity of the single business enterprise claim; therefore, Defendant is capable of adequately answering Plaintiff's complaint. As such, this Court finds that the motion for a more definite statement should be denied. Accordingly,

**IT IS ORDERED** that Defendant's **Motion to Dismiss Pursuant to Rule 12(b)(6), or, Alternatively, Motion for More Definite Statement Pursuant to Rule 12(e) (Rec. Doc. 5)** should be and hereby is **DENIED.**

New Orleans, Louisiana this 15th day of November, 2007.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

5